# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SENECA ONE, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>SETTLEMENT FUNDING, LLC d/b/a<br>PEACHTREE SETTLEMENT FUNDING;<br>PEACHTREE SETTLEMENT FUNDING<br>CORPORATION; PSF TRUST 2004-MA;<br>PEACHTREE LOTTERY MASTER TRUST,<br>LLC; PEACHTREE LOTTERY SUBTRUST 2;<br>PEACHTREE LOTTERY SUBTRUST 4;<br>GAREN P. SUZAN, and<br>PAUL J. DACRI,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)     05-CA-12574-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF SENECA ONE, LLC's STATEMENT OF
## PROPOSED QUESTIONS TO BE CERTIFIED TO THE
## SUPREME JUDICIAL COURT OF MASSACHUSETTS

Pursuant to the Court's Order of August 17, 2006, Plaintiff Seneca One, LLC ("Seneca")

hereby submits[1] the following two questions to be certified to the Supreme Judicial Court of

Massachusetts pursuant to Uniform Certification of Questions of Law Rule, 1:03 § 1:

---

[1] The parties have conferred in a good faith attempt to agree on questions to be certified. The parties were unable to agree. Seneca believes that its two proposed questions present pure issues of law "as to which it appears to the certifying court there is no controlling precedent in the decisions of [the Supreme Judicial Court.]" Uniform Certification of Questions of Law Rule, 1:03 § 1. Seneca believes that Peachtree's proposed questions are not appropriate for certification because, *inter alia*, the questions incorporate purported "facts" which are disputed or as to which no discovery has been taken (i.e. whether Seneca's documents are "indefinite" or "unenforceable", and issues involving Seneca's "conduct" in making loans to lottery winners). Peachtree's proposed questions also incorporate arguments which Peachtree (as a non-party to Seneca's agreements) lacks standing to assert (i.e. unconscionability and indefiniteness) and are thus inappropriate for certification.

1.      If the winner of a Massachusetts lottery prize who receives his lottery payments over time grants a third party a right of first refusal to purchase his future lottery payments, does such a grant constitute an "assignment" of "[t]he right of any person to a prize drawn" under G.L. c. 10, § 28?

2.      If the winner of a Massachusetts lottery prize who receives his lottery payments over time pledges his future lottery payments as collateral to secure a loan, does such a pledge constitute an "assignment" of "[t]he right of any person to a prize drawn" under G.L. c. 10, § 28?

Respectfully submitted,

_____/s/ Steven B. Gould_____
Steven B. Gould (BBO No. 563640)
Brown & Gould, LLP
7700 Old Georgetown Road
Suite 500
Bethesda, Maryland 20814
Phone: (301) 718-4548
Fax: (301) 718-8037
sgould@brownandgould.com

_____/s/ David A. Bunis_____
David A. Bunis (BBO No. 550570)
Rachel Zoob-Hill (BBO No. 695041)
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA  02210
Phone:  (617) 371-1000
Fax:  (617) 371-1037
dbunis@dwyercollora.com
rzoob-hill@dwyercollora.com

September 8, 2006