UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SENECA ONE, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SETTLEMENT FUNDING, LLC d/b/a )<br>PEACHTREE SETTLEMENT FUNDING; )<br>PEACHTREE SETTLEMENT FUNDING )<br>CORPORATION; PSF TRUST 2004-MA; )<br>PEACHTREE LOTTERY MASTER TRUST, )<br>LLC; PEACHTREE LOTTERY SUBTRUST 2; )<br>PEACHTREE LOTTERY SUBTRUST 4; )<br>GAREN P. SUZAN, and )<br>PAUL J. DACRI, )<br>)<br>Defendants. )<br>_____) | 05-CA-12574-DPW |

**DEFENDANTS' PROPOSED QUESTIONS TO BE CERTIFIED
TO THE MASSACHUSETTS SUPREME JUDICIAL COURT**

Pursuant to the Court's Order of August 17, 2006 Defendants, Settlement Funding, LLC, Peachtree Settlement Funding Corp., PSF Trust 2004-MA, Peachtree Lottery Master Trust, Peachtree Lottery Subtrust 2 and Peachtree Lottery Subtrust 4 (collectively, "Defendants"), hereby submit this Statement of Proposed Questions to be Certified to the Massachusetts Supreme Judicial Court. Because the parties could not agree as to the language of the proposed questions that should be certified to the Massachusetts Supreme Judicial Court ("SJC") pursuant to SJC Rule 1:03, the parties have agreed to file their proposed questions separately.

<u>Defendants' Proposed Questions to be Certified to the SJC</u>

1. Does a written agreement containing a term purporting to grant a third party a right of first refusal to purchase an assignment of, or make a loan secured by, a Massachusetts

State Lottery ("Lottery") winner's payments violate G.L. c. 10, § 28 (the "Lottery Act") under the following circumstances:

>   (a) the agreement does not provide the disclosures or cancellation rights set forth in the Lottery Act; and/or
>
>   (b) the agreement is not approved by an appropriate Massachusetts Superior Court either prior to or following its execution; and/or
>
>   (c) the agreement is not governed by Massachusetts law as required by the Lottery Act?

2. If a written agreement containing a term purporting to grant a third party a right of first refusal to purchase an assignment of, or make a loan secured by, a Lottery winner's payments violates the Lottery Act, is the entire agreement void and unenforceable under Massachusetts law?

3. Is an agreement between a Lottery winner and a third party purporting to grant the third party a right of first refusal to purchase an assignment of, or make a loan secured by, the Lottery winner's payments indefinite and unenforceable under Massachusetts law under circumstances where the agreement merely provides that the third party shall have the right to purchase such assignment by electing to match "the price, but not necessarily the terms" specified in an offer received by the Lottery winner?

4. Does the conduct of sending unsolicited "loan checks" to winners of the Lottery, in which a third party provides an unsolicited loan (in the form of a negotiable check) to a Lottery winner and states that by cashing the check the Lottery winner agrees to the terms of a loan agreement contained in a document separate and apart from the loan check which includes, *inter alia*, a purported right of first refusal, the Lottery winner's grant of a security interest to the

Lender, a confession of judgment clause and a out-of-state forum selection clause, violate the Lottery Act and/or M.G.L. ch. 93A?

        Respectfully Submitted,

        SETTLEMENT FUNDING, LLC, et al.,

        By their attorneys,

        /s/ Jeffrey M. Burns
        Gary Greenberg (BBO#209420)
        Jeffrey M. Burns (BBO#661448)
        GREENBERG TRAURIG, LLP
        One International Place
        Boston, MA 02210
        (617) 310-6200

        Jason Sutherland
        Admitted, *pro hac vice*
        Settlement Funding, LLC
        3720 Davinci Court, Suite 450
        Norcross, Georgia 30092

bos-fs1\200936v02